UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: LINCOLN NATIONAL COI LITIGATION | No.: 16-cv-06605-GJP |
| EFG BANK AG, CAYMAN BRANCH, ET AL., *Plaintiffs*, v. THE LINCOLN NATIONAL LIFE INSURANCE COMPANY, *Defendant*. | No.: 17-cv-02592-GJP |
| CONESTOGA TRUST, ET AL., *Plaintiffs*, v. LINCOLN NATIONAL CORPORATION, ET AL., *Defendant*. | No.: 18-cv-02379-GJP |

**PAPPERT, J.** August 21, 2019

## **MEMORANDUM**

On March 28, 2019, the Court notified the parties of its intent to appoint a Special Master pursuant to Rule 53 of the Federal Rules of Civil Procedure to resolve repeated and anticipated discovery disputes, explaining in part that it cannot "effectively and timely address the parties' increasingly frequent disagreements."

(Order, 16-06605, ECF No. 93; 17-02592, ECF No. 71; 18-2379, ECF No. 27.) In a subsequent Order, the Court appointed John J. Soroko, Esquire, Chairman Emeritus of Duane Morris LLP, as Special Master. (Order, 16-06605, ECF No. 95; 17-02592, ECF No. 73; 18-2379, ECF No. 29.) The Court also provided specific instructions governing objections to the Special Master's findings:

> Any party wishing to file objections to the Special Master's orders, reports, or recommendations must file such objection with the Court within fourteen (14) days from the date the order, report, or recommendation is filed. The responses thereto shall be filed within fourteen (14) days after being served with a copy of the objections. The objections and responses to the objections are limited to five (5) pages each and the parties must serve, file and docket with the Court any relevant portion of the record made before the Special Master which pertains specifically to the objection.

(*Id.*) Mr. Soroko has issued four thorough and well-reasoned opinions resolving various discovery disputes between the parties.[1] Defendants filed objections to the first opinion, while Conestoga Plaintiffs objected to the second; there were no objections filed to the third and fourth opinions. The parties have gone ever so slightly beyond the Court's page limitations and submitted a total of 1336 pages of objections, responses, motions and exhibits related to Mr. Soroko's work.[2]

---

[1] *See* Opinion of the Special Master Regarding the Discovery Dispute as Presented by the Parties in their Joint Submission of February 8, 2019 (as Amended on February 11, 2019) (17-2592, ECF No. 77; 16-6605, ECF No. 121); Opinion of the Special Master regarding the Discovery Dispute as Concerning the Conestoga Plaintiffs' Request for a Rule 30(b)(6) Deposition of Defendants, (16-6605, ECF No. 125; 18-02379, ECF No. 32); Opinion of the Special Master Regarding the Discovery Dispute Relating to the "Table Shave" and "Exchange Programs", (16-6605, ECF No. 129; 17-2592, ECF No. 81); and Opinion of the Special Master Regarding Discovery Dispute Concerning the Relevancy and Burden of Producing Three Categories of Documents, as Jointly Submitted by the Parties on May 16, 2019, (16-6605, ECF No. 134; 17-2592, ECF No. 86).

[2] The purpose of a Special Master is "to aid judges in the performance of specific judicial duties, as they may arise in the progress of a cause." *Glover v. Wells Fargo Home Mortg.*, 629 F. App'x 331, 338 (3d Cir. 2015) (citing *La Buy v. Howes Leather Co.*, 352 U.S. 249, 256 (1957) and *Beazer East, Inc. v. Mead Corp.*, 412 F.3d 429, 441 (3d Cir. 2005)). To this end, Rule 53(a)(1)(C) authorizes appointment of a master to "address pretrial and posttrial matters that cannot be effectively and timely addressed by an available district judge or magistrate judge of the district." FED. R. CIV. P. 53(a)(1). The parties' voluminous filings undermine this purpose.

2

I

Rule 53 governs the Court's review of the Special Master's opinions. Under Rule 53(f), the Court reviews findings of fact and conclusions of law *de novo*, while "the court may set aside a master's ruling on a *procedural matter* only for an abuse of discretion." FED. R. CIV. P. 53(f)(5) (emphasis added). Rule 53 does not specify the scope of review required where there are no objections to a Special Master's findings. Courts reviewing Special Master reports have determined, with citation to authority involving review of a Magistrate Judge's report, that those portions of a Special Master's report to which no objections have been made are reviewed for clear error. *See, e.g.*, *CA, Inc. v. New Relic, Inc.*, No. CV 12-5468, 2015 WL 13753674, at *6 (E.D.N.Y. Sept. 28, 2015).

Some courts consider a Special Master's discovery recommendations as procedural matters and review them for abuse of discretion. *See Ramos v. Banner Health*, 2018 WL 4700707, at *2 (D. Colo. Aug. 8, 2018) (citing *Nippon Steel & Sumitomo Metal Corp. v. Posco*, 2014 WL 1266219, at *1 (D.N.J. Mar. 26, 2014) (reviewing a special master recommendation on discovery matters under an "abuse of discretion" standard); *In re Hardieplank Fiber Cement Siding Litig.*, 2014 WL 5654318, at *1 (D. Minn. Jan. 28, 2014) ("A decision regarding the scope of discovery is a procedural matter, reviewed for abuse of discretion.")). Other courts conduct *de novo* review. *See id.* (citing *In re Cathode Ray Tube (CRT) Antitrust Litig.*, 301 F.R.D. 449 (N.D. Cal. 2014) (reviewing *de novo* a special master's recommendation on a motion for a protective order); *Wellin v. Wellin*, 2015 WL 5781383, at *1 (D.S.C. Sept. 30, 2015) (appearing to apply a *de novo* standard to a special master's report and recommendation to non-dispositive discovery motions)). In *Callwave Commc'ns LLC v.*

*AT&T Mobility LLC*, No. CV 12-1701-RGA, 2016 WL 3450736, at *1 (D. Del. June 16, 2016), the court reasoned that a party's failure to timely comply with a discovery schedule would be a procedural matter, while resolution of attorney-client privilege issues in discovery would be non-procedural. Given the nature of the discovery disputes here, the Court reviews *de novo* the Special Master's findings to which there are objections.

II

The Court adopts the Opinion of the Special Master Regarding the Discovery Dispute as Presented by the Parties in their Joint Submission of February 8, 2019 (as Amended on February 11, 2019) (17-2592, ECF No. 77; 16-6605, ECF No. 121), and overrules the objections thereto, (17-2592, ECF No. 79; 16-6605, ECF No. 126). The Court agrees with the Special Master that pursuant to Federal Rule of Evidence 502(a), this case appears to be a situation "where [Defendants] intentionally put[ ] protected information into the litigation in a selective, misleading and unfair manner," supporting a subject matter waiver. (S.M. Op. at 8, 17-2592, ECF No. 77; 16-6605, ECF No. 121.) The Court also agrees that the documents may be discoverable under Federal Rule of Civil Procedure 26(b)(1) as they are relevant and potentially not privileged in the first instance. Therefore, Plaintiffs may be entitled to discovery of at least some of the documents that Defendants have withheld on the basis of privilege.

The Court also agrees that the best next step is for Plaintiffs to identify, based on the descriptions provided by Defendants on their privilege logs, the specific documents withheld by Defendants that Plaintiffs contend relate to "the work performed, and the instructions and input received, by the consultants in preparing the

4

Reports." (*Id*. at 10.) Thereafter, the parties shall arrange a meet-and-confer to attempt to narrow their disagreements. For the documents Defendants continue to claim are subject to the attorney-client privilege or work product doctrine, Defendants shall produce an updated privilege log to Plaintiffs identifying and describing such documents. Plaintiffs may challenge Defendants' designations and, if that challenge cannot be resolved, the parties may seek the assistance of the Special Master in resolving the matter, via *in camera* review.

III

The Court adopts the Opinion of the Special Master regarding the Discovery Dispute Concerning the Conestoga Plaintiffs' Request for a Rule 30(b)(6) Deposition of Defendants, (16-6605, ECF No. 125; 18-02379, ECF No. 32) and overrules the objections thereto, (16-6605, ECF No. 132; 18-02379, ECF No. 33). Conestoga Plaintiffs ask the Court to allow them to take their own separate deposition of Elizabeth Desmonds, despite the fact that Desmonds was previously deposed by counsel for other plaintiffs over a two-day period. The Court's October 3, 2018 Consolidation Order provides that:

> "Plaintiffs are DIRECTED to coordinate with each other and with Defendants regarding deposition schedules and to coordinate to the extent practicable to avoid the scheduling of conflicting depositions. Except by agreement of all parties or for good cause shown, ***no fact witness shall be required to appear for more than one deposition***."

(Order ¶ 4, 18-02379, ECF No. 22) (emphasis added). Conestoga Plaintiffs filed several objections, arguing that the Special Master (1) incorrectly found that Defendants had designated Desmonds on the topics in the Conestoga Plaintiffs' Notice; (2) improperly shifted the burden of persuasion to the Conestoga Plaintiffs; (3) was incorrect because

5

the Conestoga Plaintiffs' topics were not in fact "subsumed" within the other topics and (4) incorrectly failed to rule on the Conestoga Plaintiffs' four contention topics.[3]

The Special Master correctly found that witnesses designated under Rule 30(b)(6) are fact witnesses subject to the Consolidation Order. *See* (S.M. Op. at 2–4, 16-6605, ECF No. 125; 18-02379, ECF No. 32) (citing *E.M. Sergeant Pulp & Chem. Co. v. Travelers Indem. Co. Inc.*, Civ. No. 12-1741, 2015 WL 9413094, at *4 (D.N.J. Dec. 22, 2015) (stating that rather than being an expert witness, a witness was produced "as a fact witness in response to [the party's] Rule 30(b)(6) notice")). The Special Master also properly determined that Defendants identified Desmonds as a 30(b)(6) witness. (*Id.* at 4–5.) Counsel for the Defendants informed counsel for Conestoga Plaintiffs that Defendants had so designated Desmonds in an email dated April 15, 2019. (*Id.* at 5) (citing Joint Submission Ex. D at 4).

Because Desmonds was a witness subject to the Consolidation Order, Conestoga Plaintiffs were required to show good cause to depose her a second time. Conestoga Plaintiffs argued that the other Plaintiffs in the consolidated actions were unwilling to allot Conestoga Plaintiffs sufficient time to question Desmonds and that they were unable to attend the second day of the deposition. However, as the Special Master explained, Conestoga should have addressed issues concerning its allotted interrogation time with the plaintiffs in the other cases. Moreover, counsel for Conestoga Plaintiffs previously indicated they would be available on both days of the deposition. Finally, counsel for Conestoga Plaintiffs attended the first day of the deposition by telephone but did not attend the second day and did not ask Desmonds any questions. Against

---

[3]    Conestoga Plaintiffs filed a 26-page objection to the Special Master's Opinion, again failing to comply with the Court's five-page requirement.

this backdrop, the Court finds that Conestoga Plaintiffs failed to show good cause to again depose Desmonds.[4]

IV

The Court adopts the Opinions of the Special Master Regarding the Discovery Dispute Relating to the "Table Shave" and "Exchange Programs", (16-6605, ECF No. 129; 17-2592, ECF No. 81), and Concerning the Relevancy and Burden of Producing Three Categories of Documents, as Jointly Submitted by the Parties on May 16, 2019, (16-6605, ECF No. 134; 17-2592, ECF No. 86).  There are no objections filed, and the Court discerns no clear error in the Special Master's reasoning in either Opinion.

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.

---

[4] In a Motion for Reconsideration before the Special Master, Conestoga Plaintiffs argued that four of their requested topics were improperly objected to by Defendants and that those objections alone would entitle Conestoga Plaintiffs to another separate Rule 30(b)(6) deposition.  The Court agrees with Mr. Soroko that it would be "inequitable and unsupportable for the Conestoga Plaintiffs, in effect, to 'leverage' or 'bootstrap' a dispute over specific objections to certain topics in a Rule 30(b)(6) notice, for a deposition in which the Conestoga Plaintiffs chose not to participate, into an argument in support of a claimed right to insist on a separate and additional Rule 30(b)(6) deposition." (S.M. Reconsideration Op. at 2–3, 18-cv-02379, ECF No. 34.)